UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

BARRINGTON SMITH,

                Plaintiff,

-against-

LOIS JENKINS, LYLE GUTTU; JOSEF AND
DONUTIA GAWRYS, DELACOUR & FERRARA
ARCHITECTS,

                Defendants.
------------------------------------------------------------x

MEMORANDUM
AND ORDER

05-CV-5848 (NGG)

GARAUFIS, United States District Judge.

Plaintiff Barrington Smith ("Plaintiff"), appearing *pro se*, brings this complaint and order to show cause seeking to enjoin defendants "from making [sic] application for a New York City Buildings Department issued Demolition Permit." Plaintiff paid the filing fee to commence this action. For the reasons set forth below, the action is dismissed.

Procedural History

On December 15, 2005, Plaintiff filed the instant action by order to show cause. The Court directed plaintiff to serve a copy of the summons, complaint and order to show cause on the defendants. On December 22, 2005, the Court held a hearing on Plaintiff's application for an order to show cause where Plaintiff and Joseph Milano, attorney for Josef and Donutia Gawrys, appeared. No appearances were made on behalf of Lyle Guttu and Delacour & Ferrara Architects. According to the Return of Service filed with the Court on December 21, 2005, only Delacour & Ferrara Architects and Mr. Milano were served with process. On January 4, 2006, Plaintiff filed an amended complaint. The Affirmation of Service forms filed with the Court on January 5, 2006 indicate that Delacour & Ferrara Architects and Josef and Donutia Gawrys were served with the

1

amended complaint.

Background

The action involves a dispute between pastors and the congregation of St. Peter's Church, located at 1004 Bedford Avenue in Brooklyn, on if and how the church's property should be developed. Plaintiff alleges that he as well as a portion of the congregation are opposed to plans initiated by the prior Pastor Lyle Guttu, church custodians Josef and Donutia Gawrys and Delacour & Ferrara Architects to demolish the church and adjoining buildings for the purpose of building new housing. Plaintiff seeks to enjoin defendants from the demolition, damages of $750,000 from the Gawrys for having denied inspectors access to the church, and to evict the Gawrys from the rectory where they apparently reside. Plaintiff also seeks $350,000 from the architects for attempting to redevelop the church's property.

Plaintiff's amended complaint is a duplicate of the original complaint except that he has added Lois Jenkins, a former church president, as a defendant. He seeks "damages from Lois Jenkins in the amount of $250,000 for her efforts in preventing supporters of Pastor Barrington Smith from exercising their First Amendment right to worship and fellowship by preventing some from entering the church for worship and asking others to leave[.]" Amended Complaint at ¶ IV.

On December 22, 2005, the Court held a hearing on plaintiff's application for an order to show cause. At the hearing, Mr. Milano, representing defendants Josef and Donutia Gawrys, informed the Court that a state court proceeding on the same facts and claims as presented in the instant case was currently proceeding before the Honorable Marilyn G. Diamond, New York State Supreme Court, New York County. Mr. Milano also informed the Court that plaintiff had commenced a similar proceeding in State Supreme Court, Kings County, by order to show cause. In that action, the Honorable David B. Vaughn issued and then revoked the order to show cause upon

learning that the same action was currently pending in New York County. Plaintiff did not dispute the existence of these state court actions.

First Amendment Claim

Plaintiff invokes the federal question jurisdiction of this Court, 28 U.S.C. § 1331, insofar as he alleges the violation of his rights under the First Amendment. See Amended Complaint at ¶ II. As such, plaintiff's amended complaint shall be liberally construed as alleging a constitutional violation under 42 U.S.C. § 1983. In order to maintain an action under § 1983, a plaintiff must allege two essential elements. First, that "the conduct complained of must have been committed by a person acting under color of state law." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994). Second, that "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id. To constitute state action, defendant's action must be fairly attributable to the state. Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982).

As the Supreme Court has held, "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." American Manufacturers Mutual Insurance Co. v. Sullivan, 526 U.S. 40, 50 (1999) (citations and quotations omitted); cf. Brentwood Academy v. Tennessee Secondary School Athletic Ass'n, 531 U.S. 288, 295 (2001) ("state action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself'") (quoting Jackson v. Metropolitan Edison Co., 419 U.S. 345, 351 (1974)). For plaintiff to succeed on his § 1983 complaint, he must first establish that the conduct of the named defendants are "fairly attributable to the State." American Manufacturers Mutual Insurance Co., 526 U.S. at 50; Flagg v. Yonkers Sav. and Loan Ass'n, FA, 396 F.3d 178,

3

186 (2d Cir. 2005) (Because the United States Constitution regulates only the government, not private parties, litigant claiming that his constitutional rights have been violated must first establish that challenged conduct constitutes "state action."). Here, plaintiff cannot succeed on this claim since defendants Jenkins, Guttu, the Gawrys and Delacour & Architects are private parties whose conduct cannot be fairly attributed to the state. Moreover, plaintiff has not shown the existence of state action in what is, in essence, a private dispute within the church. Thus, plaintiff does not present a cognizable First Amendment claim.

Younger Abstention

In any event, the case should be dismissed under Younger v. Harris, 401 U.S. 37 (1971). Although the holding in Younger itself was limited to state criminal trials, it has subsequently been extended to cover certain civil proceedings. As applied in our Circuit, "Younger abstention is mandatory when: (1) there is a pending state proceeding, (2) that implicates an important state interest, and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of his or her federal constitutional claims." Spargo v. New York State Comm'n on Judicial Conduct, 351 F.3d 65, 75 (2d Cir. 2003). When Younger applies, abstention is mandatory and its application deprives the federal court of jurisdiction in the matter. Colorado Water Conserv. Dist. v. United States, 424 U.S. 800, 816 n. 22 (1976); Diamond "D" Const. Corp. v. McGowan, 282 F.3d 191, 198 (2d Cir. 2002). Here, plaintiff has not disputed that there is a similar proceeding pending in the State Supreme Court, New York County, before Judge Diamond and that he initiated a similar action in State Supreme Court, Kings County, before Judge Vaughn. Furthermore, as stated at the hearing, the action implicates state not federal interests and there is no reason why the state proceedings cannot afford plaintiff an opportunity to

4

raise his First Amendment claim. Finally, there has been no "showing of bad faith, harassment, or any other unusual circumstance" which would make abstention inappropriate. Younger, 401 U.S. at 54; Hindu Temple Society of North America v. Supreme Court of State of New York, 335 F.Supp.2d 369, 378 (E.D.N.Y. 2004) (Dearie, J.) (applying Younger).

Conclusion

Accordingly, the instant action is hereby dismissed for the reasons set forth above. Plaintiff's application for an order to show cause is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/s/ Nicholas G. Garaufis
Nicholas G. Garaufis
United States District Judge

Dated: March 31, 2006
Brooklyn, New York